**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID C. JARRELL**<br>Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **SECTION** |
| **EQUIFAX CREDIT INFORMATION SERVICES, INC., ET ALS**<br>Defendants | **MAGISTRATE** |

---

*COMPLAINT*

---

**NOW INTO COURT** comes DAVID C. JARRELL who respectfully states as follows:

**I.**
**PARTIES**

**1.**

Made plaintiff(s) herein are:

(1) **DAVID C. JARRELL**, a resident and domiciliary of the Parish of St. Bernard and citizen of the United States.

**2.**

Made defendant(s) herein are:

(1) **EQUIFAX CREDIT INFORMATION SERVICES, INC**, a foreign corporation licensed to and doing business in the State of Louisiana;

(2) **EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation licensed to and doing business in the State of Louisiana;

(3) **TRANSUNION CONSUMER SOLUTIONS, INC.**, a foreign corporation licensed to and doing business in the State of Louisiana.

## II.
## JURISDICTION

**3.**

Jurisdiction is conferred by the Fair Credit Reporting Act (FCRA) as codified in 15 U.S.C. § 1681p as this is an action to enforce liability created under FRCA.

## III.
## VENUE

**4.**

The Eastern District of Louisiana is the appropriate forum under 28 U.S.C. § 1391(b).

## IV.
## GENERAL ALLEGATIONS

**5.**

In February of 2009, Joe Johnson, Jr., M.D., through Southern Financial Services, put defendants Equifax, Experian, and Transunion on notice of an allegedly past due account for services rendered in July of 2005. Southern Financial reported that a balance of $180.00 remained unpaid.

**6.**

In November of 2009, plaintiff applied for a residential loan with Fidelity Homestead Savings Bank. As part of the application process, Fidelity issued a query to all three credit bureaus to obtain relevant credit information on the applicant. On or about December 31, 2009, Fidelity issued correspondence to plaintiff stating that the credit inquiry revealed a past due account with Southern Financial in the amount of $180.00 and that plaintiff would need to provide a letter of explanation. Shortly thereafter, Fidelity issued a notice to plaintiff that given the number of inquiries and the account in collections, plaintiffs combined credit score of 648 disqualified him for a certain interest rate on the loan. Fidelity identified Southern Financial as the creditor. This was the first instance in which plaintiff was aware that there was an account in collections. For the sake of clarify, Joe Johnson, Jr., M.D., nor anyone on his behalf, had ever contacted plaintiff by mail, telephone, or any other method since the alleged accrual of the debt on July 14, 2005.[1]

**7.**

---

[1] On April 19, 2009, plaintiff purchased a combined credit report; however, at that time, the account placed into collections by Southern Financial Services did not appear on any credit

As a result, plaintiff immediately contacted Southern Financial Services to inquire about and dispute the account placed in collections on behalf of Joe Johnson, Jr., M.D. Southern Financial, through its employees and representatives, indicated that they could not verify the accuracy of the debt, but that they could, and did, verify that they had an account in collections related to plaintiff David C. Jarrell. At that time, Southern Financial provided the telephone number to the creditor's accounting department to verify the debt. Thereafter, plaintiff contacted the accounting department who could not provide any information whatsoever, but did direct plaintiff to contact another individual associated with the organization responsible for debt collections. Plaintiff attempted to contact that person regularly for several weeks; however, that individual did not answer the telephone or promptly respond to messages left on the voicemail system. When plaintiff was finally contacted by the creditor's representative, plaintiff was told that they could not provide any specific or general details necessary to verify the debt, but did inform plaintiff that there was a debt in collections for $180.00.

**8.**

As a result, on January 27, 2010, plaintiff issued a written request to defendants Equifax, Experian, and Transunion to formally institute a dispute as to a

---

report.

number of credit inquiries and to dispute the account in collections by Southern Financial on behalf of Joe Johnson, M.D.

**9.**

The 15 U.S.C. 1681i provides in relevant part:

> (1) Reinvestigation required.--
>
> (A) In general.--Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

**10.**

The FRCA report obligates the credit bureaus to conduct a reasonable investigation of any information disputed, whether directly or indirectly, by the consumer to determine whether the information is accurate. If the information is inaccurate or cannot be verified, the credit bureaus must delete the disputed information within thirty (30) days from the notice of the dispute. In the instant

case, defendants Equifax, Experian, and Transunion acknowledge receipt of the correspondence, but failed to conduct a reasonable investigation and failed to delete the disputed information within thirty (30) days of receipt of the dispute.

**11.**

The 15 U.S.C. 1681i provides in relevant part:

> (A) In general.--A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.
>
> (B) Contents.--As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)--
>
> (i) a statement that the reinvestigation is completed;
>
> (ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
>
> (iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;
>
> (iv) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or

completeness of the information; and

**12.**

The FRCA further obligates credit bureaus to provide certain information regarding the information obtained in the course of the investigation and to provide the results of the investigation within five (5) days of the conclusion of the investigation. As previously indicated, defendants Equifax, Experian, and Transunion failed to conduct an investigation, and therefore, necessarily failed to provide the requisite information at the conclusion of the investigation period.

**13.**

As a result of the January 27, 2010 dispute, plaintiff began to receive irrelevant correspondence from defendants Equifax, Experian, and Transunion. On or about February 20, 2010, plaintiff issued a written notice to defendants Equifax, Experian, and Transunion reminding each respective credit bureau of the dispute instituted on January 27, 2010 and requesting demonstrable proof that any of the disputed inquiries were authorized. At that time, plaintiff re-urge the disputes identified in the January 27, 2010 letter by attaching and referring to that letter.

**14.**

On March 9, 2010, plaintiff issued a written demand upon defendants Equifax, Experian, and Transunion outlining the FRCA and detailing the damages that were being sustained as a result of their failure to comply with the mandates of the FRCA.

Shortly thereafter, but well after the expiration of the thirty (30) day period[2] allowed under FRCA, defendants Experian and TransUnion removed the account placed in collections by Southern Financial. To date, defendants Equifax, Experian, and TransUnion have failed to verify and failed to remove any unverifiable credit inquiries.

## V.
## VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT

**15.**

15 U.S.C. 1681n further provides in relevant part:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
>
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
>
> (2) such amount of punitive damages as the court may

[2] Defendants did not remove the inaccurate and/or unverified information within thirty (30) days of receipt of the January 27, 2010 dispute.

> allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.[3]

15 U.S.C. 1681o also provides in relevant part:

> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**16.**

Plaintiff avers that defendants Equifax, Experian, and TransUnion willfully violated the provisions of the FRCA in the following, non-exclusive, particulars:

(1) by failing to timely investigate the disputed inquiries and collections account;

(2) by failing to provide the results of the investigation within the mandated period;

(3) by failing to remove or delete any unverified or unverifiable

---

[3] 15 U.S.C. 1681n

information within the mandated period.

**17.**

As a result of defendants' failure to comply with the provisions of the FRCA, plaintiff has sustained the following damages:

(1) As a direct result, plaintiff has sustained severe emotional distress and frustration. Prior to the acts complained of herein, plaintiff had a sterling credit reputation and diligently worked to protect that credit reputation. Plaintiff owns a considerable amount of real estate and engages in a considerable amount of banking activity. As a result, plaintiff's real estate activities and banking activities and reputation have been materially damaged.

(2) As a direct result, plaintiff has incurred an increased interest rate on a residential loan relating to 546 LeBeau St. in Arabi, Louisiana. Specifically, Fidelity increased the interest rate of the loan by 0.625%. Over the course of this thirty year fixed rate loan, plaintiff will be forced to incur an additional $9,307.20 in interest expenses. In addition to the additional interest over the course of the loan, the increased interest rate translates into an additional monthly expense of $50.00. That monthly increase will materially affect the income to

expense ratio of this investment, and further reduce plaintiff's ability to obtain financing for other investments.

(3) As a direct result, plaintiff was forced to incur additional expenses in the form of interest payments on two construction loans that could not be converted to permanent financing without incurring a significant increase in interest rates. Specifically, plaintiff is being forced to incur interest payments on a loan in the amount of $102,500.00 at an interest rate of 7.25 percent related to 1408 Alexander Ave in Arabi, Louisiana and on a loan in the amount of $80,720.00 at an interest rate of 7.25 percent related to 7220 Success St. in Arabi, Louisiana.

## VI.
## PRAYER FOR RELIEF

**23.**

WHEREFORE plaintiff DAVID C. JARRELL requests and prays for the following relief:

(1) All actual damages sustained as a result of defendants violations of the Fair Credit Reporting Act;

(2) Punative damages as a result of defendants willful failure to comply with the provisions of the Fair Credit Reporting Act;

(3) Reasonable attorney's fees, interest, and costs; and

(4) For all such other general, legal, and equitable relief as this Court may deem appropriate.

Respectfully submitted,

BY: /s/ David C. Jarrell

DAVID C. JARRELL (Bar No. 30907)
P.O. Box 50451
New Orleans, LA 70150
Tel: (504) 234-3369
E-mail: dcj@torres-law.com